IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KOMLA AMOUZOU** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **COUNTY OF DELAWARE,** *et al.* | : | **NO. 23-2988** |
| | : | |
| Defendants. | : | |

J. Perez                                                                                            October 21, 2025

## MEMORANDUM

Plaintiff Komla Amouzou brings this employment action against the County of Delaware, Delaware County Jail Oversight Board ("the Board"), Warden Laura Williams, and the Board Chairman Kevin Madden, arising from the County's decision not to hire him when it assumed control of the George W. Hill Correctional Facility from its former private operator. Plaintiff asserts claims for race discrimination under the Equal Protection Clause (Count I) and violations of procedural due process (Count II).

Defendants move for summary judgment on all claims. Plaintiff concedes summary judgment on Count II, so the Court does not address that claim. Plaintiff also concedes that Delaware County cannot be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). For the reasons set forth below, the Court concludes that Plaintiff has not produced evidence from which a reasonable jury could find intentional discrimination by any Defendant. Defendants' motion for summary judgment will therefore be granted.

I.   **Factual Background**

Plaintiff Komla Amouzou worked as a correctional officer and, beginning in 2019, as a correctional sergeant at the George W. Hill Correctional Facility ("the Facility") in Delaware County.[1] At that time, the Facility was operated by The GEO Group, Inc. ("GEO"), a private contractor.[2] On September 28, 2021, the Delaware County Jail Oversight Board voted to terminate the County's contract with GEO, and on October 6, 2021, the Delaware County Council voted to end GEO's private management of the Facility.[3] The County assumed control of the Facility on April 6, 2022.[4]

In preparation for this transition, the County appointed Laura Williams as Warden and contracted with Juno, a third-party recruitment firm, to assist in screening applicants.[5] GEO employees were advised that employment with the County was not guaranteed, and those interested in continuing to work at the Facility were required to submit applications and undergo interviews and background checks. Warden Williams personally interviewed thirty-four GEO employees who applied for correctional sergeant positions and eight GEO employees who applied for correctional lieutenant positions.[6]

Amouzou applied for a correctional sergeant position with the County and was interviewed by Warden Williams on March 10, 2022.[7] Williams recommended him for hire, and the County extended a conditional offer of employment around March 15, 2022.[8] The offer stated that

---

[1] ECF 27-7 at 12:21–13:11.
[2] *See* ECF 27-3.
[3] *See* ECF 27-4.
[4] ECF 27-6 at 19:25–20:14.
[5] ECF 27-5 at ¶¶2-7.
[6] ECF 27-9.
[7] *Id.* at 6:24–7:13.
[8] ECF 27-7.

employment was contingent upon the successful completion of a background check and other requirements, and identified April 6, 2022, as the target start date.[9]

As part of the background check, the County reviewed records provided by GEO. During this process, Warden Williams received an investigative report prepared by GEO Investigator Keith Heyward regarding a substantiated use-of-force violation involving Amouzou in May 2020.[10] After reviewing the report, Warden Williams concluded that the conduct was inconsistent with the County's mission to elevate standards and uphold constitutional protections of incarcerated individuals.[11] Warden Williams decided to rescind Amouzou's conditional offer, and Amouzou received verbal and written notice of that decision on April 4, 2022.[12] His counsel requested reconsideration, but the County reaffirmed its decision on April 20, 2022, citing the GEO findings.[13]

Warden Williams testified that she applied uniform, neutral hiring criteria to all candidates and excluded those with significant disciplinary histories or egregious policy violations, including substantiated use-of-force incidents. She did not receive any comparable disqualifying information concerning other sergeant or lieutenant candidates who were hired.[14] Amouzou acknowledged that he had no personal knowledge of any other candidate hired by the County who had a substantiated use-of-force violation.[15]

Plaintiff asserts that two white sergeants, Sergeants Serody and McCafferty, were hired by the County despite having previously been involved in use-of-force incidents while employed by

---

[9] ECF 27-11.
[10] ECF 27-13; ECF 27-6 at 21:18–22:2; ECF 27-7 at 27:6–16; ECF 27-19 at 33:1–39:14.
[11] ECF 27-6 at 7:14–8:20.
[12] *Id.*; ECF 27-14.
[13] ECF 27-16; ECF 27-7 at 39:2–41:7.
[14] ECF 27-6 at 8:6–15, 10:1-11:12, 26:2–19.
[15] ECF 27-7 at 48:4–7, 49:8–11.

GEO. The only evidence Plaintiff offers to support this assertion is his own deposition testimony, which does not reflect that he had personal knowledge of either individual's disciplinary history.[16] Plaintiff points to Serody's employment interview form, which indicates no policy violations, and to Warden Williams's deposition testimony, in which she stated she was not aware of any disciplinary history concerning McCafferty.[17] Plaintiff has produced no disciplinary records, personnel files, or other documentary evidence to substantiate his claims regarding these comparators.

The County's hiring data further reflects the absence of discriminatory treatment. During the transition, the County hired thirty-two sergeants: twenty-one identified as Black (65.63%) and eleven as White (34.38%). The County also hired seven lieutenants: four identified as Black (57.14%), two as White (28.57%), and one as Hispanic (14%).[18] Two sergeant candidates—one Black and one White—were offered positions as correctional officers due to insufficient supervisory experience.[19]

## II.     Equal Protection Claim Against Individual Defendants

Plaintiff asserts that Warden Laura Williams and other individual County officials intentionally discriminated against him on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment. Claims for intentional race discrimination under § 1983 are analyzed under the same framework applicable to Title VII disparate treatment claims. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). Under the applicable burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), Plaintiff must first

---

[16] *Id.*
[17] ECF 27-6 at 10:17-11:10.
[18] ECF 27-17.
[19] ECF 27-6 at 24:4–25:19, 27:7–28:8.

establish a prima facie case by demonstrating that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410–11 (3d Cir. 1999). If Plaintiff establishes a prima facie case, the burden shifts to Defendants to articulate a legitimate, nondiscriminatory reason for their decision. *Id.* The burden then shifts back to Plaintiff to present evidence from which a reasonable jury could find that the stated reason was pretextual. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

Here, Plaintiff satisfies the first three elements of the prima facie case. However, he fails to produce evidence sufficient to show that similarly situated individuals outside his protected class were treated more favorably. Plaintiff identifies two white sergeants—Serody and McCafferty—who he alleges were hired despite having histories of use-of-force violations similar to his own. However, the only evidence Plaintiff offers to support this allegation is his own deposition testimony, which does not reflect that he had personal knowledge of either individual's disciplinary history. Plaintiff cites Serody's employment interview form, which indicates that he denied any policy violations, and Warden Williams's testimony that she was not aware of any disciplinary history regarding McCafferty. Plaintiff offers no disciplinary records, personnel files, or other competent evidence substantiating his assertions. Unsupported allegations and speculation are insufficient to defeat summary judgment. *See Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Plaintiff was not involved in the County's hiring decisions, did not review personnel files, and does not claim to have witnessed the alleged incidents. *See id.*; *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002).

Furthermore, to qualify as comparators, individuals must be similarly situated in all relevant respects, meaning they "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 223 (3d Cir. 2009) (citation omitted). Plaintiff has made no showing that Serody and McCafferty were similarly situated in this sense. He has not demonstrated that their disciplinary histories were comparable in seriousness, that the County was aware of any such histories, or that they were evaluated under the same criteria. Because Plaintiff's comparator evidence consists of unsubstantiated allegations and speculation, it is insufficient to create a genuine dispute of material fact. *See Jones*, 214 F.3d at 407; *Blair*, 283 F.3d at 608. Absent evidence of valid comparators, no reasonable jury could infer that the decision to rescind Plaintiff's offer was motivated by race rather than by the substantiated use-of-force violation. Plaintiff therefore fails to satisfy the fourth element of his prima facie case and cannot establish discriminatory intent on this record.

Even assuming Plaintiff could establish a prima facie case, Defendants have articulated a legitimate, nondiscriminatory reason for rescinding Plaintiff's offer: a substantiated GEO investigative report finding that Plaintiff violated use-of-force policies. Plaintiff has not produced evidence from which a reasonable jury could find this explanation pretextual. He offers no evidence suggesting that Warden Williams or any other defendant disbelieved the GEO report, applied the hiring criteria inconsistently, or acted with discriminatory animus. The record shows that Warden Williams applied uniform hiring standards to all applicants, excluding candidates with significant disciplinary histories, and that Plaintiff's offer was rescinded pursuant to those

standards. Plaintiff's disagreement with the County's reliance on GEO's findings does not establish pretext. *See Fuentes*, 32 F.3d at 765.

### III. Conclusion

Because Plaintiff has failed to raise a genuine dispute of material fact as to whether the individual defendants intentionally discriminated against him on the basis of race, summary judgment will be entered in favor of Warden Williams and Madden on Count I. Plaintiff concedes all remaining claims. Accordingly, Defendants' motion for summary judgment will be granted in its entirety.